IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
AUG 20 2007
U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Jonathan Craig, )
    Petitioner, )
   )
v. ) 1:07cv464 (GBL/TCB)
   )
Loretta Kelly, )
    Respondent. )

## MEMORANDUM OPINION AND O R D E R

Jonathan Craig, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction, in the Circuit Court for the City of Norfolk, Virginia for grand larceny and eluding police. By Order dated June 25, 2007, petitioner was informed that his petition appeared to be time-barred and was given the opportunity to contest the application of the statute of limitations or demonstrate a basis for equitable tolling. Petitioner did not respond to that Order.

As explained in the June 25, 2007 Order, Craig's petition is barred by the statute of limitations, 28 U.S.C. § 2244(d). Craig was convicted on July 26, 2001 and was sentenced on September 10, 2001 in the Circuit Court for the City of Norfolk, Virginia. Craig filed a direct appeal in the Court of Appeals of Virginia, which denied his appeal. Craig then appealed to the Supreme Court of Virginia, which also denied his appeal. Craig's petition does not provide the dismissal dates of these appeals. However, it appears that Craig's two petitions for appeal to the Virginia Supreme Court were dismissed on July 10, 2002 and refused on June 21, 2004.[1] Therefore, at the very latest, Craig's conviction became final on September 20, 2004, the very last date on which he could have petitioned the Supreme Court of the United States for a writ of certiorari from

---

[1] Petitioner was given the opportunity to contest these dates, but he did not do so.

the latest dismissal by the Supreme Court of Virginia.[2] On January 7, 2006, Craig claims that he filed a state habeas petition in the Circuit Court for the City of Norfolk, Virginia, which denied his petition on February 27, 2006. Craig then claims he appealed to the Supreme Court of Virginia, which refused and dismissed the appeal in November, 2006. As explained in the June 25, 2007 Order, the Court will use November 30, 2006. Craig then filed the instant petition on May 2, 2007.

The applicable statute of limitations, 28 U.S.C. § 2244(d), bars the claims presented. A petition for a writ of habeas corpus must be dismissed if filed later than one year after: (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In calculating the one-year period, the time during which state collateral proceedings pursued by petitioner were pending must be excluded. See 28 U.S.C. § 2254(d)(2). If the total time elapsed exceeds one year, the petition is untimely and must be dismissed unless Craig can establish that he is entitled to equitable tolling of the statute of limitations. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).

Between September 20, 2004, the date Craig's conviction became final, and January 7, 2006,

---

[2] See U.S. Sup. Ct. R. 13(1) (providing that petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. ___, slip op. at 5 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)). In its June 25, 2007 Order, the Court listed August 19, 2004 as the latest date upon which petitioner's conviction became final. This mistaken date and accompanying calculations of days have been corrected in this Order.

[3] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Craig appears to have placed his petition in the prison mailing system on May 2, 2007. The Court received the petition on May 9, 2007.

the date Craig filed his state habeas petition, 476 days passed. An additional 153 days passed between November 30, 2006, the date Craig's state habeas petition became final, and May 2, 2007, the date petitioner filed the instant federal petition. A combination of these days establishes that the instant petition was filed 264 days beyond the one-year limit. Accordingly, the petition is untimely under § 2244(d). Moreover, Craig has presented no facts that would support equitable tolling of the one-year limitations period.

Accordingly, it is hereby

ORDERED that the petition be and is DISMISSED WITH PREJUDICE as barred by the statute of limitations.

To appeal, the petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Order to petitioner.

Entered this 20th day of August 2007.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia